**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.B. and M.S.**

**No. 24-48** (Wood County CC-54-2022-JA-88 and CC-54-2022-JA-89)

## MEMORANDUM DECISION

Petitioner Father R.S.[1] appeals the Circuit Court of Wood County's January 8, 2024, order terminating his parental rights to J.B. and M.S., arguing that termination was unsupported by the record.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April 2022, the DHS filed a petition alleging that the petitioner sexually abused his then-seven-year-old daughter, J.B. The DHS explained that the child participated in a forensic interview, during which she disclosed that the petitioner held her arms down and forced her to perform a sex act upon him. The DHS further alleged that the other child, M.S., lived in the home and was present when the alleged abuse occurred.

The circuit court held adjudicatory hearings in December 2022, January 2023, March 2023, and April 2023. During these hearings, J.B.'s recorded forensic interview was admitted into evidence. In addition, the law enforcement officer who investigated the initial allegations testified as to the interview procedures and recording devices used during his two interviews with the petitioner, and the recordings of those interviews were admitted into evidence. In the resulting adjudicatory order, the court found that during his second interview with law enforcement, the petitioner admitted that he engaged in a sex act with J.B., but he claimed the child did so

---

[1] The petitioner appears by counsel Eric K. Powell. The West Virginia Department of Human Services appears by Attorney General John B. McCuskey and Assistant Attorney General Lee A. Niezgoda. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Keith White appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

"willingly." The court noted that the petitioner chose not to testify during adjudication; thus, the court considered his silence as affirmative evidence of his culpability. The court found that the petitioner sexually abused J.B. while M.S. was present in the home and adjudicated the petitioner of abusing both children.

Thereafter, the petitioner filed a motion requesting a post-adjudicatory or, alternatively, a post-dispositional improvement period. The petitioner argued that an improvement period was appropriate because he admitted the allegations in the petition, and he was likely to fully participate in an improvement period because he successfully completed services in a previous abuse and neglect case that resulted in J.B. being placed in his care.[3] In advance of disposition, the DHS submitted a report recommending termination of the petitioner's parental rights because he was "still not admitting to the incident that led to the filing of the petition."

In May 2023, the court held a dispositional hearing. The petitioner's counsel argued that the DHS's dispositional report was inaccurate and conflicted with the court's adjudicatory findings that the petitioner admitted to the allegations in the interview with law enforcement. The DHS argued that, due to the aggravated nature of the abuse, preservation of the family was not required and that an improvement period was inappropriate given the petitioner's refusal to take responsibility for the abuse. The court agreed and denied the petitioner's motion for an improvement period. The court then questioned the petitioner's purported acceptance of responsibility considering his refusal to testify in court. In the resulting dispositional order, the court adopted the DHS's position that the petitioner was still not admitting to the sexual abuse for which he was adjudicated and found that he sexually abused J.B. while M.S. was present in the home. The court further found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that continuation in the petitioner's home was contrary to the children's welfare. Ultimately, the court terminated the petitioner's parental rights to the children. It is from this order that the petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner contends that the circuit court made insufficient findings of fact to support its conclusion that he could not correct the conditions of abuse and, as a result, erroneously terminated his parental rights. In support of this argument, the petitioner argues that the court failed to find that "the degree of family stress and the potential for further abuse and neglect are so great as to preclude the use of resources to mitigate or resolve family problems, or assist the abusing parent or parents in fulfilling their responsibilities to the child." W. Va. Code § 49-4-604(d)(5). West Virginia Code § 49-4-604(d)(1) to (6) provides a list of circumstances that exemplify when there is "[n]o reasonable likelihood

---

[3] The petitioner's motion represented that this proceeding took place in Ohio and that no allegations were made against him.

[4] J.B.'s mother's rights were terminated below, and the permanency plan for J.B. is adoption in her current placement. The permanency plan for M.S. is to remain with her nonabusing mother.

that conditions of neglect or abuse can be substantially corrected." However, the statute explicitly states that the circumstances listed "are not exclusive." *Id.* at § 49-4-604(d). Indeed, we have stated that, "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). While the petitioner confessed to law enforcement that the sex act occurred, he claimed that the child performed the sex act of her own volition. As such, he has "demonstrated an intractable unwillingness and inability to acknowledge [his] culpability in this matter" and instead blamed then-seven-year-old J.B. for the abuse that he inflicted upon her. *Id.* at 57, 743 S.E.2d at 365. Based upon the petitioner's refusal to take responsibility for the abuse and failure to acknowledge the existence of the problem, the court found that there was no reasonable likelihood that the conditions of sexual abuse could be substantially corrected in the near future and termination of the petitioner's parental rights was necessary for the welfare of the children.[5] *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon these findings). As such, we decline to disturb the circuit court's decision.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 8, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: May 13, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

TRUMP, Justice, concurring:

I concur in the majority decision in this case. Specifically, I concur with the circuit court's denial of a post-adjudicatory improvement period for the petitioner, termination of the petitioner's parental rights, and denial of post-termination visitation in this case. I write separately to express my concern with the delay between the court's dispositional hearing in May 2023 and the entry of its dispositional order in January 2024.

---

[5] The petitioner does not challenge the circuit court's finding that termination of his parental rights was necessary for the children's welfare.

3

The record reflects that, during the May 2, 2023, dispositional hearing, the circuit court took notice of all prior testimony and evidence submitted in the case, heard arguments from the parties, and announced from the bench that it would terminate the petitioner's "parental rights to both children with no-post termination visitation, as well as no contact, direct or indirect, with either child." Despite the circuit court's swift and unequivocal announcement from the bench, no dispositional order was entered until January 8, 2024, more than *eight months* following the dispositional hearing.

Rule 36 of the West Virginia Rules of Procedure of Child Abuse and Neglect Proceedings requires a circuit court to enter a dispositional order within *ten days* following the conclusion of the dispositional hearing. As this Court has emphasized many times, "[c]hild abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In Int. of Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991). To that effect, this Court has held that "matters involving the abuse and neglect of children shall take precedence over almost every other matter with which a court deals on a daily basis, and . . . such proceedings must be resolved as expeditiously as possible." *Id.* at 616, 408 S.E.2d at 368, syl. pt. 5, in part. This Court has further explained that "[t]he time limitations and standards contained in [West Virginia Code § 49-4-601 to -610 and the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings] are mandatory." *In re J. G.*, 240 W. Va. 194, 204, 809 S.E.2d 453, 463 (2018).

Despite the time that elapsed between the dispositional hearing and entry of the dispositional order in this case, I do not believe the delay altered the outcome of this case. Nevertheless, it is incumbent upon this Court to remind circuit courts "in which abuse and neglect cases are pending to be ever vigilant and mindful of the procedural rules governing such proceedings in order that the purpose thereof not be defeated." *See In re B.L.-1*, 251 W. Va. 92, 909 S.E.2d 127, 134 (2024) (*quoting In re Stephen Tyler R.*, 213 W. Va. 725, 735 n. 17, 584 S.E.2d 581, 591 n. 17 (2003)). For that reason, I respectfully concur.